**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CALVIN JAY GARCIA,** | § | |
| | § | |
| **v.** | § | **A-06-CA–965-JN** |
| | § | **(A-03-CR-071(2) JN)** |
| **UNITED STATES OF AMERICA,** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE JAMES R. NOWLIN
       SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Calvin Jay Garcia's Motion to Vacate, Set Aside or Correct Sentence

pursuant to 28 U.S.C. § 2255; the Government's Response, and Petitioner's Response. The

Magistrate Court submits this Report and Recommendation to the United States District Judge

pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On February 18, 2003, Movant Calvin Jay Garcia was charged in a two-count indictment

with: (1)  conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance

containing a detectable amount of cocaine base, a controlled substance, in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(A), all in violation of  21 U.S.C. § 846; and (2) unlawful distribution of

50 grams or more of a mixture or substance containing a detectable amount of cocaine base, a

Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a).  Pursuant

to a plea agreement, Garcia entered a plea of guilty to count one on September 9, 2003. On February

2, 2004, the District Court sentenced Garcia to a 292-month term of imprisonment, followed by a

five-year term of supervised release, and ordered that Garcia pay a $100 mandatory assessment fee. Garcia filed a notice of appeal on February 10, 2004.  On June 24, 2005, the United States filed a motion to dismiss Garcia's appeal, which was granted on August 2, 2005.  On October 28, 2005, Garcia filed a petition for writ of certiorari, which was denied on December 12, 2005. Garcia filed the instant motion on December 12, 2006.

## II.  ISSUES PRESENTED

In his § 2255 motion, Movant contends that: (1) he was denied effective assistance of counsel when: (a) his attorney failed to argue that there was a disparity between his sentence and that of his co-defendant to the extent that it violated the Eighth Amendment's prohibition on cruel and unusual punishment, and (b) his attorney failed to argue for a downward adjustment pursuant to U.S.S.G. § 3B1.2 for his minor role in the offense; and (2) that he is entitled to an evidentiary hearing.

## III.  ANALYSIS

### A.     Standard of Review

There are only four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255;  *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Thus, section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be

asserted in a collateral proceeding.  *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).  A district court's technical application of the Guidelines does not give rise to a constitutional issue.  *Id.* Violations of Rule 11 that could have been raised on direct appeal may not be presented in a collateral attack upon the defendant's sentence. *United States v. Timmreck*, 441 U.S. 780, 783-85 (1979).  Likewise, claims that a trial court violated Rule 32 in the course of imposing a sentence may not be brought pursuant to Section 2255 when such claims could have been raised on direct appeal. *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir. 1989).

A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been fairly and finally convicted.  *Placente*, 81 F.3d at 558.  A "collateral challenge may not do service for an appeal."  *United States v. Frady*, 102 S.Ct. 1584, 1593 (1982). Therefore, a defendant, such as Movant, who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors.  *Placente*, 81 F.3d at 558.  Ineffective assistance of counsel meets the cause and prejudice requirement for overcoming procedural default in a § 2255 motion. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994), *cert. denied*, 515 U.S. 1132 (1995).  An "ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  *Massaro v. United States*, 123 S.Ct. 1690, 1694 (2003).

**B.     Ineffective Assistance of Counsel**

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Counsel's performance is deficient if it falls below an

objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

### 1.    Sentencing Disparity

Movant argues that his attorney was ineffective because he failed to argue the issue of "sentencing disparity" between Movant's sentence and that of his co-defendant. Movant complains that he received a 292-month term of imprisonment, while his co-defendant was sentenced to only 46 months. Movant argues that this disparity is cruel and unusual punishment in violation of the Eighth Amendment and that his attorney was ineffective for failing to make this argument.

4

The record shows that Movant possessed a criminal history category of VI and that he was a career offender, while his co-defendant had a criminal history category of I.   Movant's Guideline range was calculated as 360 months to life in prison. Movant's co-defendant's Guideline range was 87 to 108 months.  Movant received a 68-month reduction in his sentence.  His co-defendant, who unlike Movant, offered substantial assistance to the Government, received a 41-month reduction.

In determining the particular sentence to impose upon a defendant, the district court should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  Subsection (a)(6) requires the sentencing court to consider the disparity in sentences among defendants who have been found guilty of similar conduct only where the defendants have "similar records." § 3553(a)(6). Thus, § 3553(a)(6) concerns "the need to avoid disparity among similarly situated defendants nationwide rather than disparity with [a defendant's] differently-situated co-defendant." *United States v. Duhon*, 440 F.3d 711, 721 (5th Cir. 2006), petition for cert. filed (May 18, 2006) (05-11144). Even before § 3553 came into effect with the Sentencing Reform Act of 1984, *see Mistretta v. United States*, 488 U.S. 361, 367-68 (1989), the Fifth Circuit held that a disparity between co-defendants' sentences does not violate the Due Process Clause where the greater sentence is based upon the defendant's character and background. *United State v. Lucio*, 394 F.2d 511, 511-12 (5th Cir. 1968).

However, Movant here is not claiming that his counsel was ineffective for failing to argue that his allegedly disproportionate sentence violated the Due Process Clause, but rather asserts that counsel should have raised the issue as a violation of the Eighth Amendment's prohibition on cruel and unusual punishment.  To make this claim, Movant's attorney would have had to argue that the

5

application of United States Sentencing Guidelines to Movant was disproportionate and in violation of the Eighth Amendment.

"[T]he fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is 'properly within the province of legislatures, not courts.' " *Harmelin v. Michigan*, 501 U.S. 957, 998 (1991) (Kennedy, J., concurring) (quoting *Rummel v. Estelle*, 445 U.S. 263, 275-76 (1980)). "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Ewing v. California*, 538 U.S. 11 (2003) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). "Outside of the death penalty context, the Eighth Amendment is offended only by sentences that are 'grossly disproportionate' to the crime." *United States v. Aguilar-Muniz*, 156 F.3d 974, 978 (9th Cir.1998).

Movant has pointed to no case similar to his where an attorney has successfully argued that a sentence under the applicable Guidelines range violated the Eighth Amendment.  Moreover, the Supreme Court has held that a prison term of 40 years for possession with intent to distribute nine ounces of marijuana does not violate the Eighth Amendment. *Hutto v. Davis*, 454 U.S. 370, 371-72 (1982).  In *Harmelin*, the Supreme Court upheld as constitutional a sentence of life in prison without the possibility of parole imposed on a defendant who was a first-time offender convicted of possessing 672 grams of cocaine. 501 U.S. at 961, 994.  Considering this precedent, Movant's sentence is proportionate and counsel cannot be found deficient for failing to argue it was not. .

Since Movant has failed to establish that an Eighth Amendment claim would have had any merit, counsel was not ineffective for failing to bring an Eighth Amendment challenge to Movant's sentence. Such a challenge, especially in a case involving a career offender sentenced below the applicable Guideline range, would be frivolous.   "Counsel cannot be deficient for failing to press

6

a frivolous point" *Sones v. Hargett,* 61 F.3d 410, 415 n.5 (5th Cir. 1995). Based upon the foregoing, the Court finds Movant's attorney was not deficient with regard to the sentencing disparity issue. *See United States v. Sparks*, 2 F.3d 574, 587 (5th Cir. 1993) (noting that a defendant "may not use the sentences received by his co-defendants as yardsticks for the sentence he argues he should have received"). Movant has failed to demonstrate prejudice because he has not shown that his sentence would have been any different but for counsel's allegedly deficient performance. Accordingly, Movant's claim is without merit.

### 2.      Downward Adjustment for Minor Role

Movant next argues that his attorney was deficient for failing to argue that he qualified for a downward adjustment under U.S.S.G. § 3B1.2 for his minor role in the offense. Movant admits that his role in the conspiracy was to function as a drug courier on various occasions. *See* Petition at p. 18-20.

The record in this case provides no substantial evidence for Movant's claim that he was only a minor or minimal participant in the offense. Downward departures under § 3B1.2 are "designed to be applied infrequently, as many offenses are committed by actors of 'roughly equal culpability.'" *United States v. Gallardo-Trapero*, 185 F.3d 307, 324 (5th Cir. 1999). The Fifth Circuit has ruled that a "downward adjustment under section 3B1.2 is generally appropriate only where a defendant was 'substantially less culpable than the average participant.'" *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995) (quoting *United States v. Buenrostro,* 868 F.2d 135, 138 (5th Cir. 1989), *cert. denied*, 495 U.S. 923, 110 S. Ct. 1957 (1990). In addition, "[i]t is improper for a court to award a minor participant adjustment simply because a defendant does less than the other participants. Rather, the defendant must do enough less so that he at best was peripheral to the advancement of

7

the illicit activity." *United States v. Anderson*, 174 F.3d 515, 526 (5th Cir. 1999). Movant has admitted that he functioned as a drug courier for which he was compensated. Movant's participation was clearly not "substantially less culpable than the average participant" nor was it "peripheral to the advancement of the illicit activity." Thus, as an average participant, an objection that movant entitled to an adjustment based upon his minor role in the offense would have been unlikely to succeed, and counsel's strategic choice not to make the argument was not deficient.

Additionally, the Court finds no reasonable probability that had such an argument had been raised, it would have changed the outcome of the sentencing decision. To succeed on his ineffective assistance of counsel claim, Movant must be able to show more than that a different result would have been "possible," *Cockrum v. Johnson*, 119 F.3d 297, 302 (5th Cir. 1997); he must show that prejudice rendered the proceeding "fundamentally unfair or unreliable." *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997). Based upon the evidence of his significant participation in the drug offense, the Court finds that Movant cannot show a reasonable probability that arguing for a minor participant adjustment would have altered the outcome of his sentencing process. Therefore, Movant has failed to demonstrate that his counsel's allegedly ineffective assistance was prejudicial. Consequently, Movant's claim fails.

**C.    Request for Evidentiary Hearing**

Lastly, Movant requests an evidentiary hearing. 28 U.S.C. § 2255 controls whether an evidentiary hearing is required. The statute provides that no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Upon review of the motion to vacate and the files and records of this case, an evidentiary

hearing appears unnecessary. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.  Thus, the Magistrate Court finds no hearing is necessary.

## IV.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DENY** Movant' Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Clerk's Doc. No. 72) with prejudice and **DENIES** Movant's request for an evidentiary hearing.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of April, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

10